[This decision has been published in *Ohio Official Reports* at 94 Ohio St.3d 425.]

OFFICE OF DISCIPLINARY COUNSEL *v.* POLEY.

[Cite as *Disciplinary Counsel v. Poley*, 2002-Ohio-1237.]

*Attorneys at law—Misconduct—Eighteen-month suspension with entire sanction stayed with condition—Engaging in conduct adversely reflecting on fitness to practice law—Neglect of entrusted legal matters.*

(No. 01-1828—Submitted December 12, 2001—Decided March 6, 2002.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 01-41.

———————————

*Per Curiam.*

{¶ 1} In a nine-count complaint filed on April 9, 2001, relator, Office of Disciplinary Counsel, charged respondent, John D. Poley of Dayton, Ohio, Attorney Registration No. 0000051, with numerous violations of the Code of Professional Responsibility. Respondent answered, and the matter was referred to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

{¶ 2} Based on stipulations and testimony received at a hearing on August 23, 2001, the panel found with respect to Count I that from January 1, 1997 through December 31, 1999, respondent maintained a general bank account, a client trust account, a business account, and a MasterCard account. Respondent deposited both client funds and personal funds in the general bank account, and from that account he paid client medical bills, the client portion of case settlements, the bar association for client referrals, and his own personal bills. In his client trust account, respondent also maintained both client and personal funds. In December 1997, respondent transferred $10,000 of personal funds from his client trust account to his business account. On two occasions, he made payments on his MasterCard

account from the client trust account. Respondent also used the MasterCard account to pay both client and personal expenses. The panel concluded that respondent's treatment of these funds and accounts violated DR 1-102(A)(6) (a lawyer shall not engage in conduct adversely reflecting on the lawyer's fitness to practice law) and 9-102(A) (a lawyer shall not commingle funds of a client with personal funds).

{¶ 3} The panel found that in several cases respondent received client settlement funds but failed to pay agreed portions of them to Dayton Physical Medicine until May 25, 1999, several weeks after a grievance was filed against him. Specifically in Count II, the panel found that in November 1997, respondent withheld a portion of settlement funds he received on behalf of Charles Hutton and did not pay Dayton Physical Medicine until eighteen months after he received the funds and six weeks after a grievance was filed against him. Considering Count III, the panel found that respondent withheld and failed until May 25, 1999, to pay over to that same creditor funds from a settlement he had received on behalf of Glenda Carlisle in November 1997. Count IV involved respondent's similar treatment of the withheld portion of April Easterling's settlement funds that he received in December 1997. The panel found with respect to Count V that respondent received Shahab Mahallati's settlement funds in February 1998 and failed to pay the appropriate portion over to Dayton Physical Medicine until May 25, 1999. In addition, the panel found in Count VI that respondent withheld settlement funds received on behalf of David Hammond in February 1998 for the purpose of paying that same creditor but did not pay it in full until May 25, 1999.

{¶ 4} The panel found that respondent treated the funds of other clients in a similar manner. Considering Count VII, the panel found that respondent received settlement funds due to Salaheddin Mahallati in August 1999 but did not pay the portion owed to Dayton Physical Medicine until January 2000. It found in Count VIII that he received settlement funds due to Martha Ruby in June 1998, withheld

2

the full amount due to Dayton Physical Medicine, and paid that creditor only a portion of the amount withheld.

{¶ 5} Finally, with respect to Count IX, the panel found that respondent received settlement funds on behalf of Donna Jones in October 1999 and withheld, but failed to timely pay, amounts due to Dayton Medical Imaging, Radiology Physicians, Inc., and Dayton Neurological Consultants, Inc. As a result, those creditors turned over their accounts to a collection agency. After the grievance was filed, Jones informed relator that those creditors were paid.

{¶ 6} The panel concluded that in each of the last eight instances, respondent violated DR 1-102(A)(6) (a lawyer shall not engage in conduct adversely reflecting on the lawyer's fitness to practice law) and 6-101(A)(3) (a lawyer shall not neglect an entrusted legal matter).

{¶ 7} In mitigation, the panel found that by the time of hearing all the creditors of respondent's clients had been paid, that respondent had satisfactorily resolved his trust account practices, that respondent had no prior disciplinary infractions, and that he cooperated and expressed remorse. The panel also found that the incidents that were the subject of the charges occurred when respondent was an actively drinking alcoholic. Further, the panel noted that approximately twenty months prior to the hearing, respondent had entered into an advocacy contract with Ohio Lawyers Assistance Program ("OLAP") and he is actively engaged in a recovery program.

{¶ 8} The panel recommended that respondent receive an eighteen-month suspension with all eighteen months stayed, conditioned on respondent's renewing and abiding by his contract with OLAP through October 7, 2003. The board adopted the findings, conclusions, and recommendation of the board.

{¶ 9} Having reviewed the record in this case, we adopt the findings, conclusions, and recommendation of the panel. Respondent is hereby suspended from the practice of law in Ohio for eighteen months with the entire eighteen

months stayed, provided that respondent abides by and renews his contract with OLAP through October 7, 2003.  If respondent fails to abide by his OLAP contract during this period, the entire eighteen-month suspension shall be imposed.  Costs are taxed to respondent.

*Judgment accordingly*.

DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

MOYER, C.J., and LUNDBERG STRATTON, J., dissent.

_____

**MOYER, C.J., dissenting.**

{¶ 10} Respondent's pattern of conduct by which he deprived clients of the beneficial use of settlement funds entrusted to him does not warrant an entirely stayed suspension.  I would suspend respondent for eighteen months and stay twelve months of the suspension subject to the same conditions ordered in the majority opinion.

LUNDBERG STRATTON, J., concurs in the foregoing dissenting opinion.

_____

*Jonathan E. Coughlan*, Disciplinary Counsel, and *Dianna M. Anelli*, Assistant Disciplinary Counsel, for relator.

*Kegler, Brown, Hill & Ritter, Geoffrey Stern* and *Christopher J. Weber,* for respondent.

_____